## United States District Court
## Middle District of Florida
## Orlando Division

DONTAVIOUS SHERRODE SMITH,

        **Plaintiff,**

-vs-                                          Case No.  6:13-cv-516-Orl-22DAB

CHAIRMAN OF THE POSTAL SERVICE
BOARD OF GOVERNORS FOR THE U.S.
POSTAL SERVICE,

        **Defendant.**

_____

## Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **March 29, 2013** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be dismissed, with prejudice.

      As summarized by Judge Kelly in *Smith v. State of Florida, et al,* Case No. **6:12-cv-1385**-Orl-28GJK,  Doc. 83, "Plaintiff, Dontavious Sherrode Smith (a/k/a "Tay" or "Tay Tay"), and his sundry claims are no stranger to this Court."  The instant case is but the latest in a long line of cases filed by this *pro se* Plaintiff.

     *The first case*

      On November 13, 2009, Plaintiff filed a complaint against the School Board of Brevard County, Richard DiPatri, and Leroy Berry. *Smith v. School Bd. of Brevard County*, No.

6:09-cv-2033-Orl-31KRS, 2010 WL 1385866 at *1 (M.D. Fla. Apr. 1, 2010). The gravamen of this complaint and the subsequent three amended complaints Plaintiff filed was that defendants denied him employment as a substitute teacher by falsifying his drug test results to show he tested positive for marijuana and because he is black. The Honorable Gregory Presnell found Plaintiff's third amended complaint was "utter nonsense," granted the defendants' motion to dismiss and dismissed the case with prejudice. *Smith*, No. 6:09-cv-2033-Orl-31KRS, 2010 WL 1385866 at *3.

　　　*The second case*

　　　On May 2, 2011, Plaintiff filed a complaint against the School Board of Brevard County and Leroy A. Berry. *See Smith v. School Board of Brevard County*, No. **6:11-cv-731**-GAP-KRS (M.D. Fla. filed May 2, 2011). On May 20, 2011, Magistrate Judge Karla Spaulding issued a report and recommendation, recommending the case be dismissed with prejudice because the "issues presented in the present case are foreclosed by the ruling of this Court in Case No. 6:09-cv-2033-Orl-31-KRS." *See Smith*, No. 6:11-cv-731-GAP-KRS, Doc. 8. On May 25, 2011, Judge Presnell adopted the report and recommendation and dismissed the case with prejudice. *See Smith*, No. 6:11-cv-731-GAP-KRS, Doc. 10. After subsequently filing two additional motions, Judge Presnell prohibited Plaintiff from filing any more pleadings except for a notice of appeal. *See Smith*, No. 6:11-cv-731-GAP-KRS, Doc. 14.

　　　*The third case*

　　　On January 17, 2012, Plaintiff filed a complaint in the Eighteenth Judicial Circuit Court of Florida against the State of Florida, Mike Haridopolis, Dean Cannon, Gerard Robinson, Andy Mompeller, Chuck Nelson, Dr. Neil J. Dash, Jim Skinner, the Florida Board of Education, the Florida Department of Education, the Florida Lottery, Laboratory Corporation of America and McDonald's 365 Black. *See Smith v. Florida*, **No. 6:12-cv-439**-CEH-KRS. The case was removed to this Court and Judge Spaulding recommended the case be dismissed with prejudice because the facts underlying

the complaint were the same as those alleged in the two prior complaints that were dismissed. *See Smith v. Florida*, No. 6:12-cv-439-CEH-KRS, 2012 WL 3252768 at *2 (M.D. Fla. June 13, 2012). Judge Spaulding also recommended Plaintiff be enjoined "from filing any future lawsuit asserting a violation of his federal constitutional rights arising from the facts underlying the 2009 Case, the 2011 Case and the [instant] Case without leave of court." *Id.* at *4. On August 7, 2012, the Honorable Charlene Honeywell adopted Judge Spaulding's report and recommendation and enjoined Plaintiff from filing "any future lawsuit asserting a violation of his federal constitutional rights arising from the facts underlying Case No. 6:09-cv-2033-Orl-31KRS, Case No. 6:11-cv-731-Orl-31KRS; and Case No. 6:12-cv-439-Orl-36KRS . . . ." *See Smith*, No. 6:12-cv-439-CEH-KRS, Doc. 51.

*The fourth case*

On August 21, 2012, Plaintiff once again filed a Complaint in the Eighteenth Judicial Circuit Court of Florida. *See Smith v. State of Florida, et al,* Case No. **6:12-cv-1385**- Orl-28GJK. Plaintiff named the State of Florida, Mike Haridopolis, the School Board of Brevard County, City of Cocoa, Laboratory Corporation of America Holdings, LLC, JP Morgan Chase, Time Warner, McDonald's 365 Black, NASA, Nike, PepsiCo., Allied Veteran's of the World and Affiliates, Trinity Broadcast Network, Wal-Mart, Royal Carribean [sic] Cruises, LLC, Orlando Magic, Space Coast Business Marketing and Weyco Group as Defendants. The case was removed to this Court on September 10, 2012.  In that Complaint, Plaintiff essentially alleged that Defendants created his identity and likeness using "financial resources, God, "'bling,' beautiful and exotic-'hood' women, comedy, saggin pants, politics, tattoos, . . .  Jordan (Michael Jordan), Nike, Louis Vuitton, Rolls Royce and Bentley motorcars, G5 private jets, marijuana, wine and alcohol spirits, 'making it rain' in the club, Superman and Aquaman characters (Warner Bros.), Friday (Warner Bros.), Space Coast business, fashion  . . ." *Smith v. State of Florida, et al,* Case No. **6:12-cv-1385**- Orl-28GJK, Doc. 83 (quoting Doc. 2 at 8 ¶¶ 38-39). Plaintiff also alleged that he applied for a job to be a substitute teacher with the School

Board of Brevard County, but his application was denied after his drug test fraudulently tested positive for marijuana.  Magistrate Judge Gregory Kelly found "these claims are baseless on their face, fail to state any colorable claim for relief and are "'utter nonsense.'" *Smith*, No. 6:12-cv-1385-Orl-28GJK, Doc. 83.  The Honorable John Antoon agreed, and, on December 20, 2012, dismissed Plaintiff's complaint with prejudice and directed the Clerk "to not accept any further pleadings, motions, or other documents from Plaintiff in this case." *Id.*, Doc. 92.

  *The fifth case*

  On November 9, 2012, prior to Judge Antoon's ruling, Plaintiff filed a "Criminal Complaint" against Defendants, Leroy Berry, Kathy Krell, Jim Kaczkowski and Dr. Neil J. Dash. *See U.S.A. v. Leroy Berry, et al.,* Case No. 6:12-mc-123-Orl-28GJK. Smith alleged that Defendants engaged in numerous criminal violations, including conspiracy to defraud the United States of Defendants' "honest services," using the mails and interstate wire communications, in violation of 18 U.S.C. §§ 1341, 1343 and 1346, which in turn violated 18 U.S.C. § 1349; that Defendants aided and abetted in a conspiracy to defraud the United States in violation of 18 U.S.C. § 1035; conspired to deprive or deprived him of rights in violation of 18 U.S.C. §§ 241, 242, 247(a)(2); that Defendants possessed false papers in violation of 18 U.S.C. § 247(a)(2); misused the State of Florida seal to engage in a conspiracy in violation of 18 U.S.C. §§ 1002, 1017, 1028, 1035, and 1038; obtained property, money and services by deception in violation of the Theft Act of 1968; violated 18 U.S.C. § 1038 by recording and filing forged or fraudulent documents, and being grossly negligent by deception; engaged in a conspiracy to conceal a crime in violation of 18 U.S.C. § 2071; and engaged in a conspiracy to falsify or conceal a material fact in violation of 18 U.S.C. § 1001.  Judge Kelly noted a lack of standing to prosecute these criminal allegations, and, on March 15, 2013, issued a recommendation (which is pending) that the criminal complaint be dismissed with prejudice.  (*Id.,* Doc. 3).

*The sixth case*

On January 16, 2013, Plaintiff filed a Complaint against Steve Ballmer, in his official capacity as CEO of Microsoft Corporation, and Chris Babel, in his official capacity as CEO of TRUSTe Inc., alleging counts of Gross Negligence, Breach of Privacy (violation of the 4th Amendment), Deprivation of Life (violation of 42 U.S.C. § 1983), Breach of Fiduciary Duty, Breach of Duty, Detrimental Reliance, Fraudulent Misrepresentation, and Emotional Distress, arising out of being unable to access his email account. *See Smith v. Steve Ballmer and Chris Babel,* Case No. 6:13-cv-82-GKS-TBS. Magistrate Judge Thomas Smith recommended that the Complaint be dismissed (*Id.* at Doc. 3), the Honorable G. Kendall Sharp adopted the recommendation and, upon Plaintiff's failure to timely file an Amended Complaint, closed the case (*Id.* at Doc. 4). [1] This brings us to the instant case, filed March 29, 2013.

*The instant case*

According to this Complaint, Plaintiff sued Mickey Barnett, in his official capacity as Chairman of the Postal Service Board of Governors, alleging that Defendant deprived Plaintiff of his "right to be informed, his right to know and his right to get truthful and honest information about the goods and services which he purchased from the Defendant. . ." (Allegation 2). The suit purports to be brought under 42 U.S.C. § 1983 and includes a variety of pendant state law claims, all arising out of an alleged delivery failure of a parcel sent in June 2008. Specifically, Plaintiff alleges that he purchased priority mail service and delivery confirmation receipt to "send off his highly anticipated novel to the U.S. Department of Register for copyright services" but upon accessing the www.usps.com website and selecting the Track and Confirm option online and through telephone, his Delivery Confirmation Receipt was not found by the Defendant (Allegations 8-10). Plaintiff

---

[1] A motion to amend the Complaint was belatedly filed, and is pending in that case.

alleges that he "suffers irreparable harm as a result of the Defendants' negligent and unlawful conduct; suffering from excruciating and severe posttraumatic emotional distress, inadequate living accommodations, mental agony, weight loss, arthritis like symptoms in his fingers, a non copyrighted novel, delay in his entrepreneurial projects concerning his novel, fear of the unknown that his novel transcript did not reach the U.S.. Register's office; poverty." (Allegation 11). Plaintiff moves for permission to proceed as a pauper to prosecute this action. The motion must be denied.

As Plaintiff no doubt knows by now, upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts

need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed.  *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

As is clear from the foregoing, there is no cognizable cause of action arising out of the facts pled.  To the extent Plaintiff is attempting to allege a tort claim against the Postmaster, such is barred by the doctrine of sovereign immunity.  The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, provides the exclusive remedy for persons with claims for damages resulting from negligent acts of federal employees acting within the scope of their employment. Although the FTCA provides a limited waiver of sovereign immunity for the United States for certain negligent or wrongful acts of government employees, claims "arising out of the loss, miscarriage, or negligent

transmission of letters or postal matter" are specifically excluded from the waiver. 28 U.S.C. § 2680(b).  *See generally Dolan v. United Stattes Postal Serv.*, 546 U.S. 481, 489, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006) ("We think it more likely that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address. Illustrative instances of the exception's operation, then, would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china)."). As the harm pled falls directly in this exception, the  Court has no jurisdiction over such a claim.

To the extent this is a claim for breach of contract, it is not cognizable here because Plaintiff has not pled that he has exhausted his administrative remedies and, as the package was sent in 2008, the time for doing so has long since passed. *See Ly v. United States Postal Serv.*, 775 F.Supp.2d 9, 13 (D. D.C. 2011) (dismissing breach of contract claim against post office for failure to exhaust administrative remedies); *Dosso v. United States Postal Serv.*, No. CCB–10–1703,  2010 WL 4900988, at *5 (D. Md. Nov. 24, 2010) (unpublished) (same); *Willett v. Morrice Post Office*, No. 05–72296, 2005 WL 1981302, at *3 (E.D. Mich. Aug. 16, 2005) (unpublished) (same);  *Myers v. United States Post Office*, No. CV-12-0843-PHX-DKD, 2013 WL 322637, *2 (D. Ariz. Jan. 28, 2013) (unpublished) (same).

As there is no claim pled and Plaintiff can state no possible action within the jurisdiction of this federal court on these facts, it is **respectfully recommended** that the Complaint be dismissed, with prejudice.[2] In view of Plaintiff's history of filing meritless Complaints and the significant burden on the Court detailed above, it is further **recommended** that the Court consider ordering Plaintiff to

---

[2]Even if a claim were stated, the application is woefully incomplete in that it lists no assets or source of income of any kind whatsoever.

show cause why he should not have his access to future filings limited, consistent with *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386 (11th Cir.1993).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 3, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy